IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| LIBERTY TOWERS PHILLY, LP, | : | |
| | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vs. | : | NO. 18-CV-4357 |
| | : | |
| AMERICAN TOWER CORPORATION | : | |
| and T-MOBILE USA, | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM AND ORDER**

**JOYNER, J.**                                              **March 14, 2019**

This civil matter has been brought before the Court on Motion of Defendant T-Mobile USA to Dismiss the Plaintiff's First Amended Complaint. For the reasons which follow, the Motion shall be granted.

**Factual Background**

Plaintiff's First Amended Complaint ("FAC") alleges that Plaintiff was the owner of a building located at 1101 North 63rd Street in Philadelphia on October 11, 2016 when "the brick façade of the building suffered severe damage as a result of the negligent installation of … cellular equipment on the roof of the Building." (FAC, ¶12). Plaintiff avers that this cellular equipment had been installed by T-Mobile pursuant to a Wireless

1

Communications Easement and Assignment Agreement which its predecessor, Liberty Tower Apartment 2004, L.P. entered into on December 2, 2009 with T6 Unison Site Management, LLC, now known as Ulysses Asset Sub II, LLC. (FAC, ¶ 8). "[T]hough the Agreement was with T6 Unison Site Management, LLC, T-Mobile utilized defendant ATC or its predecessor or related entity to perform or to supervise the installation," but the "installation was performed in a negligent manner in that the cellular equipment was attached directly to a parapet wall on the roof." (FAC, ¶s 9, 10).

Although the precise causes of action are not expressly identified, the First Amended Complaint contains two counts – the first of which is directed against all of the defendants for negligence and the second of which appears to be directed only against Defendant ATC for estoppel. By the motion which is now before us, Defendant T-Mobile seeks dismissal of Count I against it for failure to allege the minimum quantum of facts necessary to sustain a claim for negligence and because in its view, Plaintiff does not have standing to pursue its cause of action.

### Standards Governing Motions to Dismiss

Generally speaking, in considering motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the district courts must accept the facts as alleged in the Complaint and all reasonable inferences that can be drawn from them as true and view them in

the light most favorable to the plaintiff.  Great Western Mining & Mineral Co. v. Fox, Rothschild, LLP, 615 F.3d 159, 161, n.1 (3d Cir. 2010)(citing Umland v. PLANCO Financial Services, 542 F.3d 59, 64 (3d Cir. 2008)); Krantz v. Prudential Investments Fund Management, 305 F.3d 140, 142 (3d Cir. 2002).  In doing so, the courts must consider whether the complaint has alleged enough facts to state a claim to relief that is plausible on its face.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929, 949 (2007).  Although "`Fed. R. Civ. P. 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' and that this standard does not require 'detailed factual allegations,'" it is however, "no longer sufficient to allege mere elements of a cause of action." Great Western, 615 F.3d at 176 (quoting Twombly, 550 U.S. at 555). "Instead, a complaint must allege facts suggestive of the proscribed conduct." Umland, supra, (quoting Philips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).  A claim will have facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009).

**Discussion**

*A. Standing to Sue*

Defendant T-Mobile asserts that Plaintiff's claim against it must be dismissed for lack of standing. At the outset, we note that "[a] motion to dismiss for want of standing is properly brought pursuant to Rule 12(b)(1) because standing is a jurisdictional matter." Constitution Party v. Auchele, 757 F.3d 347, 357 (3d Cir. 2014)(quoting Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007).

A district court entertaining a Rule 12(b)(1) motion to dismiss for lack of standing must first ascertain whether it presents a "facial" attack or a "factual" attack on the claim at issue, because that distinction determines how the pleading must be reviewed. Long v. Septa, 903 F.3d 312, 320 (3d Cir. 2018). "A 'facial' attack considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties or because some other jurisdictional defect is present." Aichele, supra. Such an attack can occur before the moving party has filed an answer or otherwise contested the factual allegations of the complaint." Id. "A factual attack, in which the

4

defendant contests the truth of the jurisdictional allegations, is a different matter: the court need not treat the allegations as true, and a plenary trial is held to resolve any material factual disputes." Long, at 320(citing Aichele, supra, and Schuchardt v. President of the United States, 839 F.3d 336, 343 (3d Cir. 2016)).

It has been noted that "[s]tanding requires more than just a 'keen interest in the issue.'" Trump v. Hawaii, 138 S. Ct. 2392, 2416, 201 L. Ed.2d 775 (2018). Indeed, federal courts have authority under Article III of the United States Constitution to decide legal questions only in the course of resolving "Cases" or "Controversies." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547, 194 L. Ed.2d 635 (2016). Therefore, a plaintiff seeking relief in federal court has the burden of establishing that he has standing to do so. Gill v. Whitford, ___U.S.___, 138 S. Ct. 1916, 1923, 201 L. Ed.2d 313 (2018); Perelman v. Perelman, 793 F.3d 368, 373 (3d Cir. 2015). Article III standing requires three key elements:

> First, the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is concrete and particularized and actual or imminent, not 'conjectural' or 'hypothetical.' Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

Perelman, supra.(quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L. Ed.2d 351 (1992)); Long, 903 F.3d at 320-321.

In this case, Defendant T-Mobile raises a facial attack to Plaintiff's First Amended Complaint which requires viewing its contents in the light most favorable to the plaintiff. In so doing, we note that the FAC alleges that on October 11, 2016, the brick façade of a building which Plaintiff then-owned was severely damaged as a consequence of the improper installation of certain cellular equipment, ostensibly on T-Mobile's behalf, several years earlier. The FAC further avers that the negligent installation only became known when the damage occurred. These allegations are, we find, sufficient to confer standing insofar as they assert that the plaintiff itself suffered an actual injury from the purportedly negligent installation of the equipment which would likely be redressed by a decision in Plaintiff's favor. The standing requirements are satisfied here and the motion to dismiss on the basis of insufficient standing is denied.

*B. Failure to Plead Negligence*

As noted, Defendant also contends that the Plaintiff's First Amended Complaint fails to plead the elements necessary to

sustain a cause of action against it for negligence and is therefore properly dismissed.

Pennsylvania caselaw is clear that in order to state a cause of action for negligence, a plaintiff must allege facts which prove the breach of a legally recognized duty or obligation of the defendant that is causally related to actual damages suffered by the plaintiff. <u>Green v. Pennsylvania Hospital</u>, 633 Pa. 18, 27, 123 A.3d 310, 315-316 (Pa. 2015)(citing <u>Scampone v. Highland Park Care Center, LLC</u>, 618 Pa. 363, 57 A.3d 582, 596 (Pa. 2012)); <u>Smith v. Howmedica Osteonics Corp.</u>, 251 F. Supp. 3d 844, 852 (E.D. Pa. 2017). "To prove the elements of a duty and the breach thereof, a plaintiff must show that the defendant's act or omission fell below the standard of care, and therefore, increased the risk of harm to the plaintiff." <u>Id</u>., 123 A.3d at 316. "The plaintiff then must demonstrate 'the causal connection between the breach of a duty of care and the harm alleged: that the increased risk was a substantial factor in bringing about the resultant harm.'" <u>Id</u>.(quoting <u>Scampone</u>, <u>supra</u>.). Stated otherwise, "in order to hold a defendant liable for negligence, the plaintiff must prove the following four elements: (1) a legally recognized duty that the defendant conform to a standard of care; (2) the defendant breached that duty; (3) causation between the conduct and the resulting injury; and (4) actual damage to the plaintiff."

Newell v. Montana West, Inc., 2017 Pa. Super. LEXIS 40, 154 A.3d 819, 822 (Pa. Super. 2017). Indeed, "duty is an essential element of a negligence claim." Id,(quoting Alderwoods (Pa.), Inc. v. Duquesne Light Co., 630 Pa. 45, 106 A.3d 27, 31 (Pa. 2014)).

In this case, we find that the First Amended Complaint does indeed fail to allege a negligence cause of action against this moving defendant. To be sure, Plaintiff's only averments against T-Mobile are: (1) that it was allowed "to install certain cellular equipment on the roof of a building located at 1101 North 63rd St. in Philadelphia," pursuant to the Wireless Communications Easement and Assignment Agreement entered into between Plaintiff's predecessor and T6 Unison Site Management, LLC, which is now known as Ulysses Asset Sub II, LLC," and (2) that "[b]y information and belief, though the Agreement was with T6 Unison Site Management, LLC, T-Mobile utilized defendant ATC or its predecessor or related entity to perform or to supervise the installation." (FAC, ¶s 8-9). Thus, it is unclear if and/or how T-Mobile owes a duty or duty of care to Plaintiff, although arguably T-Mobile may have been a third-party beneficiary of the Wireless Communications Easement and Assignment Agreement such that it could credibly be accused of breaching a contractual undertaking to properly supervise the installation of the cellular equipment at issue. If so,

Plaintiff may have a potentially viable claim against T-Mobile for breach of contract, not negligence.  We therefore grant T-Mobile's motion to dismiss, albeit with leave to amend to allow Plaintiff one final opportunity to state a cause of action.

    An Order follows.